UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 21 C 518 ) ) Judge Sara L. Ellis ) |
| EQUTE LLC, VAPES.COM, JUISHY LLC, and JEFFREY EVENMO, | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff City of Chicago ("the City") brings this lawsuit against Defendants Equte LLC, Vapes.com, Juishy LLC, and Jeffrey Evenmo alleging violations of the Municipal Code of Chicago ("the Code") prohibiting the advertisement of tobacco products to minors, the sale of tobacco products to minors, and the sale of flavored liquid tobacco products. Defendants now move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Because the City has sufficiently alleged violations of the Code and because the Court has jurisdiction, the Court denies Defendants' motion to dismiss.

**BACKGROUND**[1]

Defendants sold electronic cigarettes, liquids for electronic cigarettes, and other tobacco-related products through their websites. Recognizing the harm to young people from tobacco products, and specifically from flavored liquid tobacco products, the City implemented ordinances prohibiting the sale of tobacco to individuals under the age of twenty-one (MCC § 4-64-345) and prohibiting the sale of flavored liquid tobacco products (MCC § 4-64-355). The

---

[1] The Court takes the facts in the background section from the City's First Amended Complaint and exhibits attached thereto and presumes them to be true for the purpose of resolving Defendants' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

City's Department of Business Affairs and Consumer Protection ("BACP") Commissioner ("Commissioner") investigated Defendants and determined that Defendants had violated the Code. The City then filed this enforcement lawsuit.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The standard of review for a Rule 12(b)(1) motion to dismiss depends on whether the defendant raises a facial or factual challenge. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction—a facial challenge—the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences" in the plaintiff's favor. *Id.* "[W]hen evaluating a facial challenge to subject matter jurisdiction," the Court employs the *Twombly–Iqbal* "plausibility" standard, "which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Id.* at 174. If, however, the defendant contests the truth of the jurisdictional allegations—a factual challenge—the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established subject matter jurisdiction by a preponderance of the evidence. *See id.* at 173; *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444–45 (7th Cir. 2009); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(2) challenges the Court's jurisdiction over a party. Fed. R. Civ. P. 12(b)(2). When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted). If the Court rules on the Rule 12(b)(2) motion without an evidentiary hearing, the plaintiff need only establish a *prima facie* case of personal

jurisdiction. *Id.* at 392–93; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). In resolving a Rule 12(b)(2) motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "reads the complaint liberally with every inference drawn in favor of [the] plaintiff," *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). However, if the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff[] must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret. Fund*, 565 F.3d at 1020 n.1, but resolves "any factual disputes in the [parties'] affidavits in favor of the plaintiff," *Felland*, 682 F.3d at 672.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

I. **Subject Matter Jurisdiction**

  A. **Unassessed Fines**

Defendants first argue that the City has failed to state a claim and that this Court lacks subject matter jurisdiction because the Code does not authorize the City to sue for unassessed fines. Defendants argue that MCC § 2-25-090(f)(4) limits the City to "an action for injunctive relief or such other equitable relief that the commissioner deems to be appropriate." The Code, however, also provides that "any person who violates any of the requirements of this section shall be subject to a fine of not less than $500.00 nor more than $10,000.00 for each offense. Each day that a violation continues shall constitute a separate and distinct offense to which a separate fine shall apply." MCC § 2-25-090(g). Defendants contend that the City cannot seek fines under this section, nor under analogous provisions in MCC §§ 4-64-345(d) and 4-64-355(d), because the power to fine rests with the Commissioner.

While it is true that MCC § 2-25-090(f)(4) provides an enforcement mechanism allowing the City to sue for injunctive or equitable relief, it does not limit the City's authority to *only* those forms of relief. Rather, the Code "expressly permits the [Commissioner] to turn over the prosecution of consumer fraud to the [City]," which includes pursuing fines authorized by the Code. *City of Chi. v. Purdue Pharma L.P.*, No. 14-cv-4361, 2015 WL 2208423, at *9 (N.D. Ill. May 8, 2015). In fact, the Code expressly provides that:

> The powers and duties of the Commissioner and department shall be as follows:
> . . .
> to investigate complaints . . . and to institute an action with the department of administrative hearings in order to determine liability and seek remedies authorized by this Code *or to report forthwith to the corporation counsel*, the state's attorney, the attorney general and such other governmental agency as may have

4

> jurisdiction over or an interest in the subject matter, the name and place of business of all persons suspected of having engaged in such fraud, false pretense, misrepresentation or any other deceptive practice. . .

MCC § 2-25-50(b)(15)(ii) (emphasis added).

Contrary to the court's holding in *Purdue Pharma* and the plain language of MCC § 2-25-050(b)(15)(ii), Defendants argue that this section prohibits the City from suing for violations of the Code. In support of this argument, Defendants point to the language authorizing the Commissioner to "institute an action with the department of administrative hearings in order to determine liability and seek remedies authorized by the Code[.]" *Id.* Defendants argue that this language limits not only the Commissioner, but also the City, to pursuing an action with the department of administrative hearings. The full provision, however, provides that in lieu of an action with the department of administrative hearings, the Commissioner can instead report the violation "to the [City], the state's attorney, the attorney general and such other governmental agency as may have jurisdiction over or an interest in the subject matter." *Id.* Nothing in this section restricts the City (or the state's attorney or attorney general) to an administrative action. Rather, when the Commissioner determines that a violation of the Code has occurred, the Commissioner has two options: (1) pursue enforcement themselves by initiating an action with the department of administrative hearings, or (2) turn the violation over to the City, state's attorney, attorney general, or other governmental agency, who will then pursue enforcement in court.[2]

---

[2] Other provisions of the Code also authorize court-imposed fines.. *See, e.g.*, MCC § 1-4-130 ("Whenever in this Code a minimum but no maximum fine or penalty is imposed, the court may in its discretion fine the offender any sum of money exceeding the minimum fine or penalty so fixed, but not exceeding the sum of $500.00."); MCC § 1-4-120 ("Whenever this Code refers to an offense, violation or conviction for purposes of establishing a penalty for a violation of this Code, the offense, violation or conviction may either be the result of an administrative hearing or a court proceeding.").

Here, the Commissioner investigated Defendants and determined that they violated MCC § 2-25-090(a). Doc 17, ¶ 86. Following the investigation, the Commissioner "requested that the [City] bring an action against Defendants seeking all available relief." *Id.* Consistent with that directive, the City seeks injunctive relief, equitable relief, and fines as detailed in MCC §§ 2-25-090(g), 4-64-910(a), and 4-64-355(d).

Defendants also argue that the City fails to state a claim under MCC § 2-25-090 because it may only seek injunctive relief. Because the Court finds that the City can seek fines under the Code, Defendants' argument fails. Even if the City could not pursue fines, damages are not a required element in an enforcement action under MCC § 2-25-090 and therefore cannot be the basis for a pleading failure. *See City of Chi. v. DoorDash, Inc.*, No. 21-cv-5162, 2022 WL 704837, at *2 (N.D. Ill. Mar. 9, 2022) (noting that in an enforcement action under MCC § 2-25-090, the City "does not have to allege reliance, injury, or causation.") (citing *City of Chi. v. Purdue Pharma L.P.*, 211 F. Supp. 3d 1058, 1070 (N.D. Ill. 2016)); *see also, Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010) ("A deceptive practice violates the ICFA even if it doesn't actually deceive or injure anyone . . . and the Illinois Attorney General has the power to investigate and enjoin such a practice without a showing of actual loss."); *People ex rel. Madigan v. United Contr. of Am.*, 2012 IL App (1st) 120308, ¶¶ 6–15 (finding that no showing of actual damages is necessary when the Attorney General brings an action under ICFA). Whether the City can seek the fines laid out in the Code may bear on whether this Court has diversity jurisdiction, however, it is irrelevant in determining whether the City has stated a claim under MCC § 2-25-090.

### B. Amount in Controversy

Defendants next argue that the Court does not have subject matter jurisdiction over the City's claims because the amount in controversy necessary to establish diversity jurisdiction has not been met. Diversity jurisdiction exists in cases where the amount in controversy exceeds $75,000 and the plaintiff and defendants are citizens of different states. 28 U.S.C. § 1332(a)(1).

Defendants admit to at least 600 underage sales and 100 sales of flavored liquid tobacco products between March 23, 2017, and January 31, 2021. Doc. 39 at 2.[3] Three separate ordinances allow for fines for each of these prohibited sales. MCC § 2-25-090(g) (minimum fine of $500 per violation); MCC § 4-64-910(a) (minimum fine of $1,000 per violation); MCC § 4-64-355(d) (minimum fine of $1,000 per violation). The First Amended Complaint puts at least $75,000 at issue and thus satisfies the amount in controversy requirement.[4]

## II. Personal Jurisdiction over Evenmo

Evenmo argues that the Court does not have personal jurisdiction over him because he lacks sufficient contacts with Illinois. The City makes two arguments in response: (1) Evenmo waived his challenge to personal jurisdiction by participating in discovery and not raising the issue sooner; and (2) the City sufficiently alleges an alter ego theory of liability.

---

[3] Defendants have raised an issue of fact relating to the Court's jurisdiction. As such, the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the City has established subject matter jurisdiction by a preponderance of the evidence. *See Silha*, 807 F.3d at 173; *Apex Digit*, 572 F.3d at 444–45; *Sadowski*, 441 F.3d at 543.

[4] Defendants argue that fines of more than $75,000 would be excessive given that according to Defendants, their gross revenue for the 700 prohibited sales identified so far was "about $12,285." Doc. 39 at 7–8. Because the Court has not yet assessed a fine, Defendants' excessive fines claim is not ripe. *See, e.g.*, *United States v. Navistar*, 508 F. Supp. 3d 289, 298 (N.D. Ill. 2020) ("The relevant question for 8th Amendment analysis is whether the remedy the Court actually awards constitutes an excessive fine."); *Mogan v. City of Chi.*, No. 21-cv-1846, 2022 WL 159732, at *7 (N.D. Ill. Jan. 18, 2022).

Defendants also argue that this case is moot because they have "ceased all prohibited conduct in Chicago," sold the vapes.com domain name, and are "willing to stipulate to a permanent injunction on any and all sales in violation" of the Code. Doc. 39 at 3. Any stipulation or cessation, however, cannot moot the City's claims for fines, which are based on past conduct.

A. Waiver

The defense of lack of personal jurisdiction may be waived if not timely raised. *See, e.g.*, *Minemyer v. R-Boc Representatives, Inc.*, 283 F.R.D. 392, 395 (N.D. Ill. 2012) ("Even a valid defense of lack of personal jurisdiction can be deemed waived if it is not raised in a timely fashion."). "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Lishman v. Air & Liquid Sys. Corp.*, No. 21-cv-1570, 2022 WL 1085163, at *2 (N.D. Ill. Apr. 11, 2022) (quoting *Mobile Anesthesiologist Chi., v. Anesthesia Assocs. Of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)).

The City can show a "reasonable expectation" through: "(1) the defendant's untimeliness in asserting the affirmative defense of jurisdiction, and (2) defendant's involvement in the case." *Id.* The City argues that Evenmo waived the defense by engaging in discovery for three months and not raising the defense sooner.[5] As to timeliness, Evenmo raised the defense in his first responsive pleading, which was filed three and a half months after his attorney appeared in this matter. This can hardly be considered so untimely as to waive the defense. It is true that Evenmo engaged in discovery, which demonstrates some involvement in the case. But Evenmo's involvement in the case was minor and does not justify finding waiver. *Compare Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1997) (finding waiver where "defendants fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction."), *with Am. Patriot Ins. Agency, Inc. v. Mut. Risk*

---

[5] The City also argues that Evenmo "did not raise personal jurisdiction in briefing or oral argument on the joint discovery motion, despite raising other potentially dispositive issues like timeliness. Dkt. #41." Doc. 49 at 10. This briefing and oral argument, however, occurred *after* Evenmo asserted the defense in his motion to dismiss.

8

*Mgmt.*, 364 F.3d 884, 887–88 (7th Cir. 2004) (finding no waiver where defense was not raised for nine months during which time the parties engaged in settlement negotiations). For these reasons, the Court finds that Evenmo has not waived the defense of lack of personal jurisdiction.

    **B.    Alter Ego Liability**

The City argues that the Court has personal jurisdiction over Evenmo because the City has sufficiently alleged alter ego liability. Evenmo responds that the City has not sufficiently alleged alter ego liability under Minnesota law.

The law of the state of incorporation controls the alter ego analysis. *Wachovia Secs., LLC v. Neuhauser*, 674 F.3d 743, 751 (7th Cir. 2012) ("Illinois applies the law of the state of incorporation for veil piercing claims."). Because the First Amended Complaint alleges that Equte, Vapes.com, and Juishy are Minnesota corporations, the Court applies Minnesota law. "Under Minnesota law, deciding whether to allow a corporate veil to be pierced requires a court to 1) analyze whether the corporation functioned as the mere instrumentality of the principals a party is attempting to reach by piercing the corporate veil, and 2) determine whether injustice or fundamental unfairness would occur if the corporate veil were left intact." *Stoebner v. Lingenfelter*, 115 F.3d 576, 579 (8th Cir. 1997). Minnesota law provides a number of factors to consider, including: (1) insufficient capitalization for purposes of corporate undertaking, (2) failure to observe corporate formalities, (3) nonpayment of dividends, (4) insolvency of debtor corporation at time of transaction in question, (5) siphoning of funds by dominant shareholder, (6) nonfunctioning of other officers and directors, (7) absence of corporate records, and (8) existence of corporation as merely façade for individual dealings." *Victoria Elevator Co. v. Meriden Grain Co.*, 283 N.W.2d 509, 512 (Minn. 1979). Some, but not all, of these factors must be present. *Id.*

Evenmo argues that the First Amended Complaint lacks allegations relating to any of these factors. The Court disagrees. At this stage, the Court must accept all well-pleaded facts as true and read the First Amended Complaint liberally with every inference drawn in favor of the City. *Felland*, 682 F.3d at 672; *Goldfarb Corp.*, 565 F.3d at 1020 n.1. The City alleges, among other things, that: Evenmo "treated [the corporate Defendants] as one business enterprise and completely controlled their conduct, including conduct alleged in this complaint;" Evenmo was the sole member of the three corporate Defendants; and, for a period of time, Equte's registered business address was Evenmo's residence. Doc. 17 ¶¶ 18–19, 68–84. The City has sufficiently pleaded an alter ego theory against Evenmo. Although discovery may ultimately prove otherwise, the Court will not dismiss on this basis.

### III. Statute of Limitations

Finally, Defendants argue that the Court must dismiss Count II of the First Amended Complaint as untimely because the statute of limitations has run. Defendants point out that the Code instructs that when interpreting the Code, "consideration shall be given to court interpretations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act" ("ICFA"), as well as Section 5(a) of the Federal Trade Commission Act, 15 U.S.C.A., Section 45" ("FTCA"). MCC § 2-25-090(a). Both the ICFA and FTCA contain three-year statutes of limitations. 815 Ill. Comp. Stat. 505 § 10a(e); 15 U.S.C. § 57b(d). The City argues that because the Code lacks a statute of limitations, Illinois law provides a five-year statute of limitations. *Seaman v. Thompson Elecs. Co.*, 325 Ill. App. 3d 562, 564–65 (2001). But, regardless of the appropriate statute of limitations, under the doctrine of *nullum tempus*, the City has immunity from statutes of limitations for enforcement actions.

10

The doctrine of *nullum tempus* grants the City immunity from otherwise applicable statutes of limitations when it is asserting "public rights." *See City of Shelbyville v. Shelbyville Restorium, Inc.*, 96 Ill. 2d 457, 458–62 (Ill. 1983). To determine whether the City is asserting a public or private right, courts consider three factors: "(1) the effect of the interest on the public; (2) the obligation of the governmental entity to act on behalf of the public; and (3) the extent to which public funds must be expended. *City of Chi. v. Latronica Asphalt*, 346 Ill. App. 3d 264, 269 (2004). All three factors need not be satisfied for the doctrine to apply. *See* Doc 49-3, Ex. C, (Order, *City of Chi. v. Mason*, No. 17 L 5477 (Cir. Ct. Cook Cty., Feb. 16, 2018) (denying motion to dismiss where the City was not obligated to sue.)).

The City brings this matter to enforce its consumer fraud ordinance (MCC § 2-25-090), ordinance prohibiting selling tobacco products to minors (MCC § 4-64-345), and ordinance prohibiting the sale of flavored liquid tobacco products (MCC § 4-64-355). The City alleges, and this Court accepts as well-pleaded, that the sale and advertisement of such products to minors contributes to public health concerns that the City seeks to reduce by enforcing the Code. The City, Commissioner, and Department—and not the public—are the only parties able to enforce the Code. As such, the public is incapable of acting on its own behalf. The City has sufficiently alleged it is enforcing a public right; therefore, the statute of limitations does not bar Count II.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to dismiss [36].

Dated: June 14, 2022

SARA L. ELLIS
United States District Judge